James C. RAMBO

v.

STATE of Tennessee.

Supreme Court of Tennessee.

June 5, 1972.

O. H. Wilson, Max E. Wilson, Mountain City, W. H. Ballard, II, Welch, W. Va., for plaintiff in error.

David M. Pack, Atty. Gen., and Charles W. Cherry, Asst. Atty. Gen., Nashville, Lewis W. May, Dist. Atty. Gen., Mountain City, for defendant in error.

## OPINION

McCANLESS, Justice.

James C. Rambo was convicted and sentenced to a term of not less than one year nor more than five years confinement in the penitentiary on a charge of carrying concealed about his person articles for the purpose of committing a theft or burglary contrary to the provisions of Section 39–908, T.C.A.

The Court of Criminal Appeals affirmed the conviction, and we have granted certiorari. In this opinion we shall refer to James C. Rambo as the defendant.

The determinative issue in this case is whether the search, which resulted in the discovery of the articles found by the court and jury to be burglarious instruments, was under the facts of the case and the law applicable a lawful search.

At sometime between two and half past two o'clock on the morning of May 21, 1969, Millard Tester, a policeman of the Town of Mountain City, while making his rounds came upon an automobile parked on Butler Street near the reservoir. The defendant was in the driver's seat and his brother, Claude Rambo, stood beside the vehicle. Tester, thinking that he might be of help, stopped his car. Claude Rambo jumped into the other car, the defendant raced the motor and started in the direction of Tester's car. Tester fell back into his car, and the other vehicle struck its rear fender and bumper. Tester immediately alighted, drew his pistol in his left hand, he being left handed, intending to shoot a tire of the Rambo car if that should be necessary in order to stop it. The engine of the Rambo car stalled and Tester ordered the occupants to get out of it. Tester arrested the defendant and his brother, ordering them to stand in front of the headlights. The defendant then grabbed Tester by the left arm, and a brief struggle followed. The defendant almost immediately broke away and escaped. Claude Rambo remained in custody.

Tester called Chief of Police Roy Rash who came to the scene within a few minutes followed by the operator of a wrecker. Claude Rambo was placed in the rear seat of the police car and Tester took the

keys from the ignition switch of the defendant's car and opened the trunk compartment where he discovered the burglary tools which consisted of three acetylene tanks, hose-on attachments, gauges, cutting torches, and a hack saw. No warrant had been issued to authorize a search of the car.

When Tester arrested James and Claude Rambo it was in the officer's .words for "assault on an officer and trying to run over me." He made no arrest for burglary or for the carrying of burglary tools. When he made the search the defendant had already fled the scene but Claude Rambo was seated in the police car. Tester, on the witness stand, admitted that when he searched the trunk of the defendant's automobile he was not looking for anything in particular but that he was "on a fishing expedition."

This search cannot be justified as being to discover evidence of guilt of the crime of assault for which the arrests had been made or to discover offensive weapons or tools of escape. Elliott v. State, 173 Tenn. 203, 116 S.W.2d 1009 [1938].

The court of Criminal Appeals held that the search was good on the ground that the defendant, the owner of the vehicle, had abandoned it and that the search was authorized as a search of an abandoned vehicle. The State did not make that contention either at the trial, in its brief in the Court of Criminal Appeals, or before us.

With much deference to the Court of Criminal Appeals, we cannot justify the search on the principle of abandonment. Before the defendant made his escape the officers already had assumed custody of the car and had summoned a wrecker to haul it off. The escape, therefore, was not such an abandonment as justified a search of the car. The record shows no need for an immediate search and none at all for one without a search warrant.

Since the search was unlawful the fruits of the search—the evidence by which the

defendant was convicted—were improperly admitted, Ellis v. State, 211 Tenn. 321, 364 S.W.2d 925 [1962]. We reverse the conviction.

DYER, C. J., CHATTIN and CRESON, JJ., and JENKINS, Special Justice, concur.